Russell Greer
6337 South Highland Dr.
#209
Holladay, Utah 84121
801-895-3501
russmark@gmail.com
Pro Se Litigant



# IN THE UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| RUSSELL G. GREER, | PLAINTIFF'S REQUEST to REISSUE SUMMONS |
|---|---|
| Plaintiff | |
| v. | Case No.: 3:18-cv-00394 |
| TAYLOR A. SWIFT, | Presiding Judge: Aleta A. Trauger |
| Defendant | Magistrate Judge: Alistair Newbern |

Plaintiff submits this Request to Reissue Summons. In support of this Response, Plaintiff shows the Court the following:

## ARGUMENT

With Defendant's assertion that Venable, LLP can not accept service, to which Plaintiff has shown said assertion is wrong, Plaintiff would like to attempt service upon Defendant Swift at her upcoming concert in Arlington, Texas, scheduled for October 5th and 6th, 2018, just to "cover his bases", so to speak. Being filed along with this Request, is a Motion for Substitution of Service. In that Motion, Plaintiff asks the Court to allow substitution of service, as personal service upon Defendant will be next to impossible and the authorized agents have been evading service.

## PLANS TO SERVE DEFENDANT SWIFT AT HER CONCERT

A summons should be re-issued in this case in light of the Opposition Motion filed by Ms. Rose. While Plaintiff stands by the fact that Venable LLP was authorized to accept service, based on their continuing representation of Defendant and how *SwiftLife* was able to have Venable waive service two days after Plaintiff served the firm, Plaintiff nevertheless would like for a summons re-issued, so that he can confidentially know that Defendant was fully made aware of the allegations in this Complaint, given the rumors that he's heard, as found in *Document 12*. Plaintiff still stands by his Motion for Default Judgement. A re-issuing of the summons wouldn't be erasing his previously properly served summons. The Court should still find Swift in default. Rather, a re-issuing of the Summons would make Swift aware that there was a lawsuit filed against her, the law firm that represents her failed to respond and now she's in default. And if the Court finds that the first service was improper and that default is invalid, then re-issuing the summons would make sure Swift is served properly.

Plaintiff seeks to serve Defendant at her place of business and work, as she has many different homes, and so it is unknown which home in which state she would be staying at. Also, Defendant is currently touring. In this situation, though, Defendant has a unique form of business: she is an internationally famous recording artist who travels the world, "touring" with concerts, after releasing her albums. Currently, Defendant is touring. Her "last leg of touring" the United States will be October 5th and 6th. After that, Defendant will begin touring internationally until November 21st, 2018. *TAYLOR SWIFT'S Reputation STADIUM TOUR // FIRST ROUND OF DATES ANNOUNCED*. TaylorSwift.com. (https://www.taylorswift.com/news/295865). Plaintiff hopes that he can be re-issued a summons before then, so that a private process server can serve her at her place of work.

In this instance, Defendant will be served at her concert. If the summons is re-issued promptly, the concert Defendant will be served at will be in Arlington, Texas at the AT&T Stadium on either of her two shows slated back to back: on October 5th and 6th. Realistically speaking, this is the only opportunity Plaintiff will have for personal service upon Defendant. Given the popularity and the security measures surrounding Defendant, she is hardly accessible for a process server to walk right up to her and to serve her. Due to those facts, the corresponding motion will ask that a substitution of service be allowed by having a process server serve the head of her security detail or a senior stage hand, so that they can then give the summons and complaint to her. Plaintiff hopes for this because her concert is a pre-scheduled event. It wouldn't be a situation where a process server is guessing if the Defendant will be around. It's been planned for months that Defendant will be at that arena. Based on this, Plaintiff hopes for a re-issuing of the summons, which will be addressed to her and served upon a person close to her that can give to her.

## CONCLUSION

Based upon the above, Plaintiff asks that a summons be re-issued, so that it can be personally served upon Defendant at her planned concert of October 6th.

Respectfully submitted,

DATED: September 19th, 2018

Respectfully submitted,


By:

Russell Greer
Pro Se Litigant
/rgreer/

## CERTIFICATE OF SERVICE:

I certify that on September 19th, 2018, a true and correct copy of PLAINTIFF'S REQUEST TO REISSUE SUMMONS was emailed to the following:

William Briggs, counsel for defendant, at: wjbriggs@Venable.com

Natalya Rose, IP attorney for defendant, at: nrose@roseipfirm.com




**For FedEx Express® Shipments Only**

Contents should be compatible with the container and packed se[curely]
For shipping terms and conditions and our limits of liability, refer t[o the]
applicable FedEx Express shipping document, the current FedEx S[ervice]
Guide, or conditions of carriage.

For more information on FedEx Express services, solutions, and sh[ipping]
locations, go to **fedex.com**, or contact your nearest FedEx locatio[n.]

© 2018 FedEx 155475/155476 REV 3/18



See how FedEx connects the world in responsible and resourceful [ways at]
**environment.fedex.com**. Join our efforts by recycling this Fed[Ex package.]



ORIGIN ID:SLCA (801) 895-3501
RUSSELL GREER
689 VINE STREET

MURRAY, UT 84107
UNITED STATES US

SHIP DATE: 21SEP18
ACTWGT: 0.20 LB
CAD: 6990525/SSF01904

BILL CREDIT CARD

TO **UNITED STATES COURT CLERK**
**801 BROADWAY**
**#800**
**NASHVILLE TN 37203**
(801) 895-3501        REF:
INV:
PO:                              DEPT:

FedEx Express
**E**

WED – 26 SEP 4:30P
**EXPRESS SAVER**

TRK# 7828 7159 3932
0201

**SH RNCA**           37203
                     TN-US  BNA