Russell Greer
6337 South Highland Dr.
#209
Holladay, Utah 84121
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2018 SEP 26 AM 11: 05
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff<br><br>v.<br><br>**TAYLOR A. SWIFT**,<br><br>Defendant | **PLAINTIFF'S MOTION FOR SUBSTITUTION OF SERVICE**<br><br>Case No.:   3:18-cv-00394<br><br>Presiding Judge: Aleta A. Trauger<br><br>Magistrate Judge: Alistair Newbern |

Plaintiff submits this Motion for Substitution of Service. In support of this Motion, Plaintiff shows the Court the following:

## ARGUMENT

Tennessee courts have recently affirmed that substitute service of process will only be sufficient to effectuate service when the defendant evades service of process, stating that "the only time any type of service other than personal service can be had upon an individual, including service upon an authorized agent, is if the individual 'evades or attempts to evade service or if he is an infant or incompetent.'" *Eaton v. Portera*, No. W2007-02720-COA-R3-CV, 2008 WL 4963512, at *4 (Tenn. Ct. App. Nov. 21, 2008). As Plaintiff mentioned in his Response to Defendant's Opposition Motion, the authorized agents have been playing a game of "cat and mouse", thus they are evading service of process. Since rumors have swirled about how the authorized agents have shirked their duties of informing Defendant, it's difficult to know if she is evading service. But given the uniqueness of Defendant (her being a public figure), substitution of service should be allowed so that she can be aware of the lawsuit.

## DEFENDANT'S AUTHORIZED AGENT SERVED PROPERLY

As previously shown, the law firm that represents Swift in litigation matters was properly served. They were proven to be correct to serve when the lawyers for *SwiftLife* had them waive service. *Document 12.* If Venable only litigated certain subject matters, then evading Plaintiff's service would be understandable. But since Venable has proven to do all kinds of litigation and has proven to have a consistent working relationship with Swift, just barely representing her in a new matter, it becomes a matter of that firm accepting all service except from Greer. This brings up all kinds of unethical issues and seems to thwart the court process. Months before, Plaintiff called Venable, Swift's management team and her publicist throughout June and July. He sent at

Case 3:18-cv-00394 Document 14 Filed 09/26/18 Page 2 of 7 PageID #: 173

2

least 20 emails with waiver of summons forms. He hired a process server to serve Natalya Rose in July since Natalya is a registered agent to Taylor.

It seems that Natalya was dishonest with her interactions with the process server and thus turned the process server away. The management to Taylor have unlisted addresses. Plaintiff contacted the attorneys for Defendant's record label, Big Machine Records, and asked if serving the record label would count as service. The lawyers said no. Venable was left as the only other representative that could accept service, given their history with Defendant. To repeat for clarification: while working prior cases doesn't mean the firm will accept service for this case, Venable waived service (thus accepting service) for a case two days after Greer served the firm, thus they are proven to be a firm that has authority to accept service.

## AUTHORIZED AGENTS EVADED SERVICE

Though Venable was correctly served, the attorneys for Venable have evaded service. Courts have defined "evading service" as "to escape or avoid by **cleverness**", by relying on dictionary definitions, which Courts can do when interpreting statutes. *Stanley v. Mingle,* No. 01-A-019007CV00253, 1991 WL 53423 (Tenn. Ct. App. April 12, 1991). It's pretty self-evident that service has been evaded here. The agents haven't even bothered to ever message Plaintiff back. They didn't even respond to the lawsuit served on their law firm. The only reason anybody connected with Defendant responded was because Plaintiff sent a copy of the Default Motion to Taylor Nation, Swift's management group.

Even when Plaintiff left voice messages on their phones, no calls were ever returned. They have cleverly avoided service by not calling back or writing back. They haven't achieved anything for themselves by avoiding service and avoiding a response to the lawsuit. As one court has stated: "a person may not deny personal service on the grounds of lack of delivery, where the delivery was deliberately prevented by action of the person to be served." *Tennessee Rules of Civil Procedure. Advisory Commission Comments.* Tennessee Courts.gov

(https://www.tncourts.gov/rules/rules-civil-procedure/409). Delivery has been prevented here by Venable clearly representing Swift, but refusing to acknowledge or respond to the service of the summons, yet they accept other summons. Their clerk who is authorized to accept service, accepted service from the process server, yet the lawyer chose not to respond. Plaintiff spent the entire Summer of 2018 calling, emailing and serving two different locations, with the authorization validity up in the air. Plaintiff believes service was correct, Ms. Rose says otherwise without any evidence.

## **PERSONALLY SERVING DEFENDANT SWIFT IS IMPOSSIBLE**

If an authorized agent cannot be located or does not reply, a Defendant can be personally served. Unfortunately, with Defendant Swift, such a feat is easier said than done. This is because she is a unique defendant: she is a public figure who owns many homes and travels a lot and tours for her career. Swift owns homes in Tennessee, California, New York and Rhode Island. Having a process server conduct a "stake out" outside her home isn't possible because she has many homes. Also, this isn't possible because she is on tour.

Personally serving defendant at her concerts would be difficult because of the security she has and because she would be more than likely getting ready to perform at the show by doing rehearsals and getting make up and wardrobe on. In talking with process servers, some have suggested that Plaintiff buys them front row seats to her show and then they would conduct a "drop" of the lawsuit near her feet on the stage. Another suggested that they serve her while she's signing autographs and then dropping the lawsuit near her feet. The process servers have estimated this cost to be around 3,000.00 dollars. Plaintiff isn't going to spend that amount, mostly because he doesn't have that amount.

## **REQUEST FOR SUBSTITUTION OF SERVICE**

While substitution of service is allowed when evading service has been shown, it should be granted in this case, given the circumstances and uniqueness of defendant. In a 2013 blog post

titled, *"Serving Legal Documents on Celebrities"*, the author, President of Process Server Network, argues that substitution of service is the most plausible way of serving a celebrity. *Serving Legal Documents on Celebrities.* Process Server Worldwide. (2013). (http://processnet1.blogspot.com/2013/10/serving-legal-documents-on-celebrities.html?m=1). He cites that most process servers will obtain substitution of service and serve the security at production studios or will serve people close to defendant, citing how he was able to serve rapper Kanye West by serving a co-owner of the house. In this case, substitution of service should be allowed, given how difficult it is to reach Defendant.

If substitution of service is allowed, Plaintiff requests that Defendant Swift is served by giving the documents to the head of her security detail, the head of the arena's security or to one of her senior stage hands. The person served will have their name written down, their position and their contact information. Also, substitution of service should be allowed because it is known that Swift will be at the arena and thus the person served will be able to immediately give the summons and complaint to Swift, opposed to a guessing game as to whether defendant is in the facility. Also, substitution should be allowed because after October 6th, Swift will be leaving the country, traveling internationally for her work, and then her whereabouts will be unknown. Finally, substitution should be allowed, given that Plaintiff is not the most affluent and rich person and thus doesn't have the means to continue to hire process server over and over to track Swift down or to serve authorized agents who stonewall and delay the judicial process.

## CONCLUSION

Based upon the above, Plaintiff asks that the Motion be granted, so that a summons can be personally served upon a person close to Defendant at her planned concert of October 5th and 6th.

Respectfully submitted,

5

DATED: September 19th, 2018

                                        Respectfully submitted,

                                        By:

                                        Russell Greer
                                        Pro Se Litigant
                                        /rgreer/



## CERTIFICATE OF SERVICE:

I certify that on September 19th, 2018, a true and correct copy of PLAINTIFF'S MOTION FOR SUBSTITUTION OF SERVICE was emailed to the following:

William Briggs, counsel for defendant, at: wjbriggs@Venable.com

Natalya Rose, IP attorney for defendant, at: nrose@roseipfirm.com