UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RUSSELL G. GREER,

    Plaintiff,

v.

TAYLOR A. SWIFT,

    Defendant.

Case No. 3:18-cv-0394

Judge Trauger
Magistrate Judge Newbern

**ORDER**

Plaintiff Russell G. Greer has filed three motions related to the initiation of this case: a motion for default judgment (Doc. No. 10), a motion to allow Defendant Taylor Swift to be served by substitute service (Doc. No. 14), and a motion for the Court to reissue a summons for that purpose (Doc. No. 13). For the following reasons, Greer's motion for default judgment is DENIED. The motion to reissue a summons is GRANTED and the motion for substitution of service is FOUND MOOT.

**I.    Background**

Greer filed this action on April 25, 2018, alleging, in essence, that Swift has failed to warn consumers of her intellectual property that her public persona is a "publicity stunt" and that Greer relied on her misrepresentations to his detriment. (Doc. No. 1.) Greer seeks a declaratory judgment, injunctive relief, and money damages. (*Id.*) The Clerk's Office issued a summons for Swift. (Doc. No. 7.) The summons return, however, shows that it was executed on August 7, 2018, by a person "designated by law to accept service of process on behalf of Venable, LLP."[1] (Doc. No. 9.) Swift

---

[1]    It is not apparent from the record where Venable, LLP, was served.

did not answer Greer's complaint or file any other responsive pleading. On September 14, 2018, Greer moved for default judgment. (Doc. No. 10.)

On the same day, counsel for Swift—who does not list an affiliation with Venable, LLP—entered a limited appearance for the purpose of opposing Greer's motion. (Doc. No. 11.) Counsel argued that Greer's motion must be denied because Greer has served an entity that is not a party to this action and is not authorized to accept service on Swift's behalf. (*Id.*) Greer replied that serving Venable was appropriate because its attorneys have represented Swift in other cases and previously accepted service on her behalf. (Doc. No. 11.) Greer states that he served Venable only after he asked several other alleged representatives of Swift to "waive service" by accepting his summons and either received no response or had his process server turned away. (*Id.*)

In his motions to reissue the summons, Greer asks the Court to issue a summons that will allow him to serve Swift at two concerts scheduled to have taken place in Texas on October 5 and 6, 2018. (Doc. No. 13.) In his motion for substitution of service, Greer alleges that Swift's authorized representatives have evaded service and that personally serving Swift is impossible. (Doc. No. 14.) He therefore asks that he be allowed to serve Swift through the security detail at these concerts.

## II. Legal Standard

"[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999)). It is a "bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, i.e., personal

jurisdiction, by formal service of process." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655 (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999)).

Federal Rule of Civil Procedure 4 provides that, when serving an individual within a judicial district of the United States, a party may follow state law for service in the state where the court is located or service is made. Fed. R. Civ. P. 4(e)(1). Alternatively, under the federal rule, a party may personally deliver a copy of the summons and complaint, leave a copy of the summons and complaint at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or deliver a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Tennessee Rule of Civil Procedure 4.04(1), which closely resembles the federal rule, allows service of an individual personally, or, "if he or she evades or attempts to evade service," by leaving a copy at the person's dwelling or delivering copies to an authorized agent. Tenn. R. Civ. P. 4.04(1). Although the Tennessee rule requires a finding that the person has evaded service as a prerequisite to service through an agent, the federal rule does not. Because Rule 4(e)(2) is procedural, it applies in a diversity action. *Hanna v. Plumer*, 380 U.S. 460, 474 (1965). A plaintiff need only comply with the Tennessee rule if it is invoking Rule 4(e)(1).

Federal Rule of Civil Procedure 55 establishes a two-step process by which a plaintiff may obtain a default judgment against a party who fails to defend against his claims. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003). If a party fails to answer or respond to a complaint within the prescribed period of time and that failure is shown by affidavit or otherwise, the Clerk of Court may enter default under Rule 55(a). Fed. R. Civ. P. 55(a). Only after default has

3

been entered may the plaintiff move for default judgment. Fed. R. Civ. P. 55(b). A party against whom default has been entered may move to have the default set aside for good cause; a party against whom default judgment has been entered may move to have it set aside under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c). "[I]t is important to distinguish between an entry of default and a default judgment" because of the difference in these standards. *O.J. Distrib.*, 340 F.3d at 353.

### III. Analysis

As an initial matter, the dates of the concerts at which Greer hoped to serve Swift have now passed. This renders his motions for a reissued summons and substitute service technically moot. However, because Greer indicates an intent to attempt to serve Swift at other future events, the Court will address his motions on their merits.

Greer states that he moves for entry of default judgment by the Court under Rule 55(b)(2). However, "'[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).'" *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (3d ed. 1998)). Because Greer has not yet sought entry of default from the Clerk, it is improper for him to move for entry of default judgment. *Id.* The motion must be denied on that ground alone.

However, even construing Greer's motion as one for entry of default, Swift's response in opposition shows that she has not yet been properly served. Greer argues that service on Venable is proper service on Swift because Venable has served as her counsel in other actions, and the only proof Greer offers is of that fact. But proof of an attorney-client relationship, even one in the action in question, is not sufficient to show that service through the attorney is proper. "[T]he record must

4

show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997); *see also MW Ag, Inc. v. New Hampshire Ins. Co.*, 107 F.3d 644, 647 (8th Cir. 1997) (finding attorney not authorized to accept service "merely because [he] negotiated . . . on behalf of [the client]"). At a minimum, long-standing precedent advises that "[t]he authority of an attorney commences with his retainer. He cannot, while acting generally as an attorney . . . accept service of process which commences the action, without any authority so to do from his principal." *Stone v. Bank of Commerce*, 174 U.S. 412, 421 (1899); *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955) (attorney "has no power to make any agreement for his client before a suit has been commenced, or before he has been retained to commence one") (citing *Stone*, 174 U.S. at 421).

Greer alleges only a past relationship between Swift and Venable, and even if he alleged that Venable represented Swift in this action, that alone would not be sufficient to establish Venable as a proper agent for service. *See, e.g.*, *O.J. Distrib., Inc.*, 340 F.3d at 354 (holding that plaintiff failed to demonstrate that a receptionist who signed for an overnight mail package qualified as an "authorized agent" under Rule 4); *Rojek v. Catholic Charities, Inc.*, No. 08-14492, 2009 WL 3834013, at *4 (E.D. Mich. Nov. 16, 2009) (concluding that plaintiff failed to meet her burden of proving that proper service was effected where she provided no evidence that the party served "was an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Thus, even construing Greer's motion for default judgment as a motion for entry of default, it must be denied.

Greer also moves to have a summons for Swift reissued and to serve Swift by substitute service. The second motion is unnecessary. Rule 4(e)(2)(C) allows service by delivery "to an agent

5

authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). No leave of court is required, and Greer's motion is found moot.

Greer's motion to reissue a subpoena faces a preliminary procedural hurdle. More than ninety days have passed without Swift being served since Greer filed his complaint on April 25, 2018. (Doc. No. 1.) The Court must therefore determine whether it should recommend dismissal of Greer's action without prejudice or order that service be made within a specified period of time. Fed. R. Civ. P. 4(m). In making this determination with regard to pro se litigants like Greer, the Court must construe Rule 4(m) leniently.[2] *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994). With that standard in mind, the Court will order Greer to serve Swift in compliance with Rule 4 within sixty days of the date of this order.

## IV. Conclusion

For these reasons, Greer's motion for default judgment (Doc. No. 10) is DENIED. Greer's motion for substitution of service (Doc. No. 14) is FOUND MOOT. The motion to reissue a summons (Doc. No. 13) is GRANTED. Greer is ORDERED to complete service in compliance with Rule 4 within sixty days of the date of this order, by January 15, 2019. Greer is forewarned that failure to obtain service by that date will likely result in a recommendation that this case be dismissed without prejudice.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

---

[2] Greer also states that personal service of Swift would be very costly and that he should not be required to serve Swift because he cannot afford to do so. Rule 4 allows service by the U.S. Marshal when a plaintiff appears *in forma pauperis*. Fed. R. Civ. P. 4(c)(3). However, Greer's motion to proceed in that status has been denied. (Doc. No. 3.)

6