Russell Greer
6337 South Highland Dr.
#209
Holladay, Utah 84121
801-895-3501
russmark@gmail.com
Pro Se Litigant



FILED
2018 DEC 28 AM 11: 46
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# IN THE UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| RUSSELL G. GREER, <br><br> Plaintiff <br><br> v. <br><br> TAYLOR A. SWIFT, <br><br> Defendant | **PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS** <br><br> Case No.:   3:18-cv-00394 <br><br> Presiding Judge: Aleta A. Trauger <br><br> Magistrate Judge: Alistair Newbern |

Pursuant to *Federal Rules of Civil Procedure 6(b)*, Plaintiff Russell Greer moves this Court for an EMERGENCY order extending the time within which he has to serve Defendant. In support of this EMERGENCY MOTION, Greer states as follows:

## BACKGROUND

1. This Court reissued the summons on November 16, 2018. (Docket Entry 15).

2. Apparently, though, there was a misunderstanding and Plaintiff assumed the Court Clerk would reissue the summons and send to him. After a week and no summons, Greer called the Clerk and learned that he had to mail a summons for it to be reissued. Greer did so.

3. The summons was reissued on 11/26/2018, with a deadline for service of 01/15/2019.. (Docket Entry 16).

4. As shown in the corresponding EMERGENCY MOTION for ISSUANCE of SUBPOENA TO PRODUCE DOCUMENTS, which was mailed along with this current motion, Greer contacted Douglas Sipes on 11/24/2018 to hand over Defendant's management's physical address so service could be had. On 11/25/2018, Sipes declined, which left Plaintiff without any other way to serve Defendant.

5. Following Rules of Civil Procedure 45, Plaintiff mailed a Subpoena to have the Court Clerk sign, around 11/27/2018, but he forgot to look to the Local Rules to see anything regarding pro se litigants.

6. Two weeks later, on 12/12/18, Greer followed up with the Court Clerk to see what the status was. It was then that Plaintiff discovered that the Clerk had passed on the subpoena to the courtroom deputy who had passed it onto the Honorable Judge Newbern's chambers.

7. A week later, Greer called Judge Newbern's chambers and followed up on the status of the subpoena.

8. On 12/19/2018, an order was given for Plaintiff to file a motion to have the subpoena issued.

## REQUEST FOR EXTENSION OF TIME

9. *Rule 6(b)* gives the Court discretion to grant a motion to extend a deadline for good cause before the deadline expires. Good cause is herein shown.

10. Because Plaintiff is a pro se litigant, he doesn't have access to the Electronic Filing System, so therefore he mails all of his motions, which takes at least a week to get to the courthouse, as he lives in Utah. With that and the misunderstandings with the Court Clerk, this all cut into the time he had to serve Defendant because communicating with the Court takes longer than a represented party would take. That is one good cause to be taken into consideration.

11. A second good cause to be considered is the corresponding motion currently being considered: the EMERGENCY MOTION for ISSUANCE of SUBPOENA TO PRODUCE DOCUMENTS. As explained in that motion, Plaintiff really has no other way to serve Defendant except through her management. Plaintiff needs a subpoena to obtain their address. Depending on when that motion is granted, Plaintiff will at best have two weeks to mail a check to the Davidson County sheriff to serve the subpoena on Douglas Sipes, who then will hopefully comply and give Plaintiff the address. Plaintiff then will have to hire the deputies again to serve Defendant's management. This is not possible to complete by 01/15/2019. In fact, on the subpoena, Greer has listed 01/09/2019 as when Douglas Sipes should produce the documents. An order to create a motion for a subpoena wasn't given until 12/19/2018, which makes it less than a month to the deadline of 1/15/2019.

12. A third good cause to be considered is that the end of December and the first of January are recognized National Holidays that many people take weeks off for. Therefore, that would take at least two to three weeks off of being able to get everything served and processed, supposing that any deputies or Douglas Sipes or 13 Management have taken those weeks off for holiday.

13. With this all explained, Plaintiff proposes a new deadline of 2/8/2019 to have the summons served, a deadline contingent upon if the subpoena motion is also granted. Plaintiff feels confident that he can realistically meet that deadline.

## **CONCLUSION**

14. Given the explanation contained above as to why an extension of time should be granted, Plaintiff moves this Court to set a new deadline of 2/8/2019 for service to be had.

DATED: December 23rd, 2018.

,

        Respectfully,

        Russell Greer
        Pro Se Litigant
        /rgreer/



## **CERTIFICATE OF SERVICE:**

I certify that on December 23rd, 2018, a true and correct copy of PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME was emailed and mailed to the following:

Natalya Rose, IP attorney for defendant, at: nrose@roseipfirm.com