UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUSSELL G. GREER, | |
| Plaintiff, | Case No. 3:18-cv-00394 |
| v. | Judge Aleta A. Trauger |
| | Magistrate Judge Newbern |
| TAYLOR A. SWIFT, | |
| Defendant. | |

## **ORDER**

Pro se Plaintiff Russell G. Greer has not yet properly served Defendant Taylor A. Swift in this civil action. Now pending are Greer's motions for a third-party subpoena under Federal Rule of Civil Procedure 45 (Doc. No. 19) and for a second extension of time in which to serve Swift under Federal Rule of Civil Procedure 4 (Doc. Nos. 18, 20). As explained below, Greer has not shown good cause to justify granting these motions. The motions for a subpoena and for a second extension of time in which to effect service (Doc. Nos. 18, 19, 20) will therefore be DENIED.

I.      **Factual and Procedural Background**

Greer filed this action on April 25, 2018 (Doc. No. 1), and the Clerk's Office issued a summons for Swift on June 5, 2018. (Doc. No. 7.) On August 7, 2018, Greer served the summons on a law firm that he believed represented Swift. (Doc. No. 9.) Swift did not respond to the summons and did not answer or otherwise respond to Greer's complaint. Greer filed a motion for default judgment on September 14, 2018. (Doc. No. 10.) On the same day, counsel for Swift—who is not affiliated with the law firm that Greer served—entered a limited appearance to file a

response opposing Greer's motion for default, explaining that the law firm Greer served is not authorized to accept service on Swift's behalf. (Doc. No. 11.)

The Court denied Greer's motion for default judgment on November 16, 2018, finding that Swift had not yet been properly served. (Doc. No. 15, PageID# 182.) The Court granted Greer's motion to reissue a summons for Swift and provided Greer with an additional sixty days from the date of the Court's order in which to serve Swift in compliance with Rule 4. (*Id.* at PageID# 184.) The Court also warned Greer that "failure to obtain service by [January 15, 2019] will likely result in a recommendation that this case be dismissed without prejudice." (*Id.*) The Clerk's office reissued a summons for Swift on November 26, 2018.[1] (Doc. No. 16.)

On December 28, 2018, Greer filed a motion for a third-party subpoena (Doc. No. 19) and a motion requesting an extension of time for service (Doc. No. 18). Greer's motion for a subpoena explains that he is trying to serve Swift by serving "her management, 13 Management and Taylor Nation[,]" and that he is having trouble identifying a physical address for those entities. (Doc. No. 19, PageID# 194.) Greer states that he found an address for at least one of the entities online that appears to be a mailbox rented from a UPS Store in Nashville, Tennessee. (*Id.*) Greer contacted UPS Store owner Douglas Sipes, but Sipes refused to provide Greer with a physical address associated with the mailbox. (*Id.*) Greer asks this Court to issue a subpoena directing Sipes to email Greer "the physical address attached to mailbox 256, the owners of which are 13 Management and Taylor Nation, LLC, so that service can be had upon them for Defendant." (Doc. No. 19-1, PageID# 197.) With respect to his motion for a second extension of time to serve Swift, Greer

---

[1] The delay in reissuing the summons appears to be due to Greer's confusion. Greer "assumed the Court Clerk would reissue the summons and send [it] to him. After a week and no summons, Greer called the Clerk and learned that he had to mail a summons for it to be reissued. Greer did so." (Doc. No. 18, PageID# 189.)

asserts that another extension is warranted in light of his pro se status, his plan to subpoena Sipes, and national holidays in late December and early January. (Doc. No. 18, PageID# 190.) On January 28, 2019, Greer filed a second motion requesting an extension of time to serve Swift, reiterating the arguments made in his December 28, 2018 motion. (Doc. No. 20.)

## II. Legal Standard

Motions for early discovery and motions for extensions of time for service under Rule 4(m) may be granted upon a showing of good cause by the moving party. *See Zambezia Film Pty. Ltd. v. Does 1–17*, Nos. 3:13-cv-43, 44, 45, 2013 WL 1489385, at *2 (E.D. Tenn. Apr. 11, 2013) (good cause required to take early discovery); *Fite v. Comtide Nashville, LLC*, 686 F. Supp. 2d 735, 746 (M.D. Tenn. 2010) (Rule 4(m) requires extension of service period where good cause is shown).

## III. Analysis

### A. Motion for Third-Party Subpoena

Federal Rule of Civil Procedure 26 imposes a general moratorium on discovery until all parties have appeared and the court has issued an order governing discovery procedures. Fed. R. Civ. P. 26(d)(1); 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046.1 (3d ed.). A court may authorize early discovery, however, upon a showing of good cause. *Zambezia Film Pty. Ltd.*, 2013 WL 1489385, at *2 ("Courts within the Sixth Circuit require a showing of good cause in order to permit [early] discovery."). Greer has not met that burden here. Greer states that "obtaining Defendant's management's address will be the only way that this case can move forward, as serving her management will satisfy the rules of proper service." (Doc. No. 19, PageID# 194.) But Greer provides "no evidence or legal argument" establishing that 13 Management or Taylor Nation, LLC has authority to accept service on behalf of Defendant Swift. *Surefire, LLC v. Casual Home Worldwide, Inc.*, No. 12cv125, 2012 WL 2417313, at *2 (S.D. Cal.

June 26, 2012). A hunch or guess that either entity may be authorized to accept service is not enough to justify the type of early discovery Greer seeks. *See Malibu Media, LLC v. John Doe*, 177 F. Supp. 3d 554, 556 (D.D.C. 2016) ("'Mere conjecture or speculation' is not enough to justify jurisdictional discovery." (quoting *FC Inv. Grp. v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008))). Consequently, Greer's motion for a subpoena (Doc. No. 19) will be DENIED.

### B. Motions for Further Extension of Time for Service

Rule 4(c) provides that "[a] summons must be served with a copy of the complaint" and that such service must occur within the time allowed by Rule 4(m), which is ninety days from the time the complaint is filed. Fed. R. Civ. P. 4(c), 4(m). If a defendant is not served in accordance with Rule 4(m), "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for failing to effect service within the period allowed by Rule 4(m), the Court "must extend the time for service for an appropriate period." *Id.*; *see also* Fed. R. Civ. P. 6(b)(1) (allowing extension of procedural deadlines for good cause). The determination of good cause rests in the discretion of the district court. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). Even when a plaintiff has not shown good cause, the Court may exercise its discretion to permit late service. *See* Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *Rose v. Bersa*, 327 F.R.D. 628, 635 (S.D. Ohio 2018); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011).

This case has been pending for more than 250 days without process being served. In its prior order, the Court explained Greer's options for effecting service in compliance with federal and state rules (Doc. No. 15, PageID# 181–83), and allowed Greer a sixty-day extension of the ninety-day service period provided by Rule 4(m) (*id.* at PageID# 184). Greer, who still has not served Swift, advances three arguments that good cause supports his motions for another extension. (Doc. No. 18, PageID# 190.)

First, Greer points to his pro se status and argues that "communicating with the Court takes longer than a represented party would take . . . [which] is one good cause to be taken into consideration." (*Id.*) While this Court is mindful of the hurdles facing pro se litigants, "[p]ro se status . . . is not automatically enough to constitute good cause for purposes of Rule 4(m)." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed.); *see also Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013) (pro se status does not excuse "'failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m)'" (citation omitted)). Greer argues that his motion for a subpoena to obtain a new address for Swift's management is "[a] second good cause to be considered" in the Rule 4(m) analysis because it would be impossible to serve the subpoena and then Swift by the Court's deadline. (Doc. No. 18, PageID# 190.) As explained above, Greer's motion for a subpoena is ill-founded because Greer has not provided any indication that the management companies for which he seeks a mailing address are authorized to accept service on Swift's behalf. It therefore does not provide good cause for the requested extension. Finally, Greer contends that "[a] third good cause to be considered is that the end of December and the first of January are recognized [n]ational [h]olidays that many people take weeks off for." (*Id.*) Given the context of this case, however, including the ample time and Court

5

guidance Greer has already received with respect to service, the fact of the winter holidays does not support a finding that Greer should be granted a second extension of time for service under Rule 4(m).

Because Greer has not shown good cause to support a second extension and because this Court finds that a discretionary extension is not warranted given the circumstances in this case, Greer's motions for an extension of time to serve Swift (Doc. Nos. 18, 20) will be DENIED.

## IV.     Conclusion

For the foregoing reasons, Greer's motion for a subpoena (Doc. No. 19) and motions for a second extension of time in which to effect service (Doc. Nos. 18, 20) are DENIED.

The Court previously warned Greer that continued failure to serve Swift in compliance with Rule 4 could result in a recommendation that his case be dismissed. (*See* Doc. No. 15.) The Magistrate Judge will therefore issue a separate report and recommendation concluding that this action be dismissed without prejudice for Greer's failure to prosecute.

It is so ORDERED.


ALISTAIR E. NEWBERN
United States Magistrate Judge