UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUSSELL G. GREER,<br><br>    Plaintiff,<br><br>v.<br><br>TAYLOR A. SWIFT,<br><br>    Defendant. | Case No. 3:18-cv-00394<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Newbern |

To:     The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

The Court's referral order in this action authorizes the Magistrate Judge to recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B) and to conduct further proceedings, if necessary, under Federal Rule of Civil Procedure 72(b) and the Local Rules. (Doc. No. 6.)

On November 16, 2018, the Court found that Plaintiff Russell G. Greer had not properly served Defendant Taylor A. Swift within ninety days of filing his complaint, as required under Federal Rule of Civil Procedure 4. (Doc. No. 15.) The Court allowed Greer sixty additional days to complete service, ordering Greer to serve Swift in compliance with Rule 4 by January 15, 2019. (*Id.*) Because Greer still has not served Swift and, as explained in the Court's recently filed order (Doc. No. 21), further extension is not warranted, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

## I. Factual and Procedural Background

Greer filed this action on April 25, 2018 (Doc. No. 1), and the Clerk's Office issued a summons for Swift on June 5, 2018 (Doc. No. 7). On August 7, 2018, Greer served the summons on a law firm that he believed represented Swift. (Doc. No. 9.) Swift did not respond to the summons and did not answer or otherwise respond to Greer's complaint. Greer filed a motion for default judgment on September 14, 2018. (Doc. No. 10.) On the same day, counsel for Swift—who is not affiliated with the law firm that Greer served—entered a limited appearance to file a response opposing Greer's motion for default, explaining that the law firm Greer served is not authorized to accept service on Swift's behalf. (Doc. No. 11.)

This Court denied Greer's motion for default judgment on November 16, 2018, finding that Swift had not yet been properly served. (Doc. No. 15, PageID# 182.) The Court granted Greer's motion to reissue a summons for Swift and provided Greer with an additional sixty days from the date of the Court's order in which to serve Swift in compliance Rule 4. (*Id.* at PageID# 184.) The Court also warned Greer that "failure to obtain service by [January 15, 2019] will likely result in a recommendation that this case be dismissed without prejudice." (*Id.*) The Clerk's office reissued a summons for Swift on November 26, 2018.[1] (Doc. No. 16.)

On December 28, 2018, Greer filed a motion for a third-party subpoena (Doc. No. 19) and a motion requesting an extension of time for service (Doc. No. 18). Greer's motion for a subpoena explained that he was trying to serve Swift by serving "her management, 13 Management and Taylor Nation[,]" and that he was having trouble identifying a physical address for those entities.

---

[1] The delay in reissuing the summons appears to be due to Greer's confusion. After this Court's order, Greer "assumed the Court Clerk would reissue the summons and send [it] to him. After a week and no summons, Greer called the Clerk and learned that he had to mail a summons for it to be reissued. Greer did so." (Doc. No. 18, PageID# 189.)

(Doc. No. 19, PageID# 194.) Greer found an address for at least one of the entities that appeared to be a mailbox in a UPS Store in Nashville, Tennessee. (*Id.*) Greer contacted store owner Douglas Sipes, but Sipes refused to provide Greer with a physical address associated with the mailbox. (*Id.*) Greer asked this Court to issue a subpoena directing Sipes to email Greer "the physical address attached to mailbox 256, the owners of which are 13 Management and Taylor Nation, LLC, so that service can be had upon them for Defendant." (Doc. No. 19-1, PageID# 197.) With respect to his motion for a second extension of time to serve Swift, Greer argued that another extension was warranted in light of his pro se status, his pending motion for a subpoena, and national holidays in late December and early January. (Doc. No. 18, PageID# 190.) On January 28, 2019, Greer filed a second motion requesting an extension of time to serve Swift, reiterating the arguments in his December 28, 2018 motion for an extension. (Doc. No. 20.)

The Court denied Greer's motion for a subpoena and his motions for a further extension of time for service on January 31, 2019. As explained in the Court's order, Greer failed to show good cause for his requested subpoena because he provided no evidence or legal argument showing that 13 Management or Taylor Nation, LLC, has authority to accept service on Swift's behalf. (Doc. No. 21, PageID# 212–13.) The Court also found Greer's arguments related to his pro se status, his plan to subpoena the UPS Store owner, and the intervening winter holidays insufficient to show good cause or other circumstances warranting another extension of time to complete service in this case. (*Id.* at PageID# 213–15.) The Court must now determine whether dismissal without prejudice under Rule 4(m) for failure to complete service is appropriate.

**II.     Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*,

826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs." *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (quoting *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992))). Without personal jurisdiction being properly established, a court cannot exercise its authority consistent with due process of law. *Friedman*, 929 F.2d at 1156.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed" or within such additional time as the court may allow, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m). A court must extend the Rule 4(m) service period if a plaintiff shows good cause, and the court has discretion to permit late service where circumstances short of good cause warrant such an extension. *Id.*; *see also* Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment; *Henderson v. United States*, 517 U.S. 654, 662 (1996); *Rose v. Bersa*, 327 F.R.D. 628, 635 (S.D. Ohio 2018); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). It is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *Friedman*,

4

929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.     Analysis**

This action has been pending for more than 280 days without proper service of process on Defendant Swift. In a prior order, the Court explained Greer's options for effecting service in compliance with federal and state rules (Doc. No. 15, PageID# 181–83) and provided Greer with an additional sixty days to complete service on Swift (*id.* at PageID# 184). The Court explicitly warned Greer "that failure to obtain service by that date will likely result in a recommendation that this case be dismissed without prejudice." (*Id.*) Greer failed to serve Swift within the additional time as ordered by this Court. As explained in this Court's recently filed order, Greer's arguments related to his pro se status, his plan to subpoena the UPS Store owner, and the intervening winter holidays are insufficient to show good cause or other circumstances warranting a second extension of time for service in this case. (Doc. No. 21, PageID# 213–15.) Because Greer has not served Swift in compliance with Rule 4 despite ample time and notice that failure to do so may result in dismissal, dismissal without prejudice under Rule 4(m) is appropriate.

**IV.     Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party

5

Case 3:18-cv-00394   Document 22   Filed 02/11/19   Page 5 of 6 PageID #: 220

who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 12th day of February, 2019

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge